```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
MICHAEL DAVES,

                    Plaintiff,

        -against-                      MEMORANDUM AND ORDER
                                       07-CV-5049(JS)(ARL)
CINGULAR WIRELESS, JAMES FISHER,
NASSAU COUNTY, NASSAU COUNTY
POLICE DEPARTMENT, JOHN DOE #1,
JANE DOE #1, and
JANE DOE #2/A.D.A., in their
official and individual
capacities,

                    Defendants.
----------------------------------x
APPEARANCES:
For Plaintiff:      Michael Daves, Pro Se
                    07-A-1467
                    Eastern N.Y. Correctional Facility
                    P.O. Box 338
                    Napanoch, NY 12458-0338

For Defendants:     No Appearance
```

SEYBERT, District Judge:

Presently pending before the Court is the Amended Complaint of pro se Plaintiff Michael Daves ("Plaintiff"). Accompanying Plaintiff's Amended Complaint is a document entitled "Amended Summons for A Civil Action Complaint" and a "Declaration in Support of Reasons Why The Court Ought to Except this Amended Complaint for Filing and Service Upon Defendants."

Plaintiff's Amended Complaint arrives following this Court's March 19, 2008 Order ("March Order") in which Plaintiff's claims against Defendants Cingular Wireless ("Cingular"), James Fisher ("Fisher"), and Jane Doe #2/A.D.A. ("Jane Doe #2") were

dismissed without prejudice and with leave to amend in accordance with the March Order.[1] (See March Order 11.)

BACKGROUND

On December 4, 2007 Plaintiff filed his original Complaint in this Court alleging false arrest, unlawful imprisonment and malicious prosecution, as well as pendent state law claims. Plaintiff brought his claim pursuant to 42 U.S.C. § 1983 ("Section 1983") and claimed that Defendants Cingular, Fisher, Nassau County, Nassau County Police Department ("Police Department"), John Doe #1, Jane Doe #1, and Jane Doe #2 in their official and individual capacities, violated Plaintiff's statutory and constitutional rights. Reading Plaintiff's Complaint liberally, the Court also found that Plaintiff may have been alleging a claim pursuant to 42 U.S.C. § 1985. A request to proceed in forma pauperis also accompanied Plaintiff's Complaint.

In its March Order, this Court granted Plaintiff's request to proceed in forma pauperis, and dismissed the claims against Defendants Cingular, Fisher, and Jane Doe #2, as well as Plaintiff's 42 U.S.C. § 1985 claim, without prejudice and with leave to amend. (See March Order.) The Court dismissed such claims because: (1) Plaintiff failed to allege that Cingular, a

---

[1] The Order gave Plaintiff thirty days in which to amend his Complaint and stated that a failure to do so would result in the dismissal of the claims against Defendants Cingular Wireless, James Fisher, and Jane Doe #2 with prejudice. (See March Order 11.)

private entity, and Fisher, a private individual, acted under color of state law; (2) Jane Doe #2 is immune from civil suit with respect to her official actions as prosecutor; and (3) with respect to Plaintiff's Section 1985 claim, Plaintiff failed to allege that he was a member of a protected class, that Defendants conspired to deprive him of his constitutional rights, that Defendants acted with class-based, invidiously discriminatory animus, and that he suffered damages as a result. (See March Order 6, 8-9.) The March Order also dismissed Plaintiff's claims against the Police Department with prejudice stating that such claims are more properly brought in claims against Nassau County.[2] Id. at 7-8.

On May 16, 2008, almost sixty days after the Court's March Order, Plaintiff filed this Amended Complaint in which he brings the same claims against nearly the same Defendants; Plaintiff adds Charles Decaro ("Decaro") as a Defendant and removes the Department and John Doe #1 as Defendants.[3] (See Am. Compl. 13). Specifically, Plaintiff alleges in his Amended Complaint that Defendants Cingular, Fisher, Nassau County, Decaro, Jane Doe #1, and Jane Doe #2, in their official and individual capacities, violated Plaintiff's statutory and constitutional rights pursuant to Section 1983. (See generally Am. Compl.). Plaintiff again

---

[2] For a more detailed account of Plaintiff's original Complaint and the Court's prior rulings, Plaintiff is referred to the March Order.

[3] Plaintiff submits the Amended Complaint well over the thirty-day limit set by this Court in the March Order.

alleges false arrest, unlawful imprisonment, and malicious prosecution, as well as pendant state law claims.

Regarding the newly added Defendant, Decaro, Plaintiff alleges that Decaro, like Jane Doe #2, is a detective for the Police Department, and, therefore, an agent of Nassau County. Id. ¶ 8. Plaintiff alleges that Decaro and Jane Doe #2 ultimately were responsible for causing Plaintiff's false arrest, unlawful imprisonment, and malicious prosecution, and that both promulgated a custom of profiling African Americans. Id. ¶ 25.

## DISCUSSION

### I. Application of the Prisoner Litigation Reform Act

The 1996 Prisoner Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id.

It is axiomatic that the Court is required to read the Plaintiff's pro se complaint liberally and to liberally construe a pro se plaintiff's papers "'to raise the strongest arguments that they suggest.'" Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66, L. Ed. 2d 163 (1980); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594,

30 L. Ed. 2d 652 (1972); see also Erickson v. Pardus, -- U.S. --, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). Moreover, at this stage of the proceedings, the Court assumes the truth of the allegations in the Complaint. See H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989); Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

II. Rule 15

Rule 15(a) of the Federal Rules of Civil Procedure states that a party shall be given leave to replead when justice so requires. Fed. R. Civ. P. 15(a). A district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991); see also Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991).

Despite having been given leave to amend his Complaint, for the reasons set forth in the March Order, some of Plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b). Plaintiff still fails to sufficiently allege: (1) Defendants Cingular and Fisher are state actors; (2) the behavior of Jane Doe #2 is not protected by immunity; and (3) to the extent Plaintiff alleges a Section 1985 claim, that he is a member of a

protected class, that Defendants conspired to deprive him of his constitutional rights, that Defendants acted with class-based, invidiously discriminatory animus, and that he suffered damages as a result. As such, these claims are DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

III. New Section 1983 Claim Against Decaro

In his Amended Complaint, Plaintiff claims that Detectives Decaro and Jane Doe #1, acting under color of state law, falsely arrested Plaintiff based on racial profiling of African American individuals with a prior criminal history in order to meet arrest quotas. Such allegations sufficiently plead a Section 1983 claim against newly added Defendant Decaro.

CONCLUSION

Based on the foregoing and the Amended Complaint in this action, it is hereby

ORDERED, that the Clerk of the Court mail a copy of this Order to the superintendent of the facility in which Plaintiff is incarcerated and to Plaintiff; and it is further

ORDERED, that the Clerk of the Court must forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint, and this Order for service upon Defendants Nassau County, Detectives Charles Decaro and Jane Doe #1 without prepayment of fees; and it is further

ORDERED, that Defendants Nassau County Detectives Charles Decaro and Jane Doe #1 must answer the Amended Complaint, see 42

U.S.C. § 1997e(g); and it is further

ORDERED, that the claims against Defendants Cingular Wireless, James Fisher, and Jane Doe #2 are DISMISSED with prejudice.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
      December  18 , 2008